IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack Perry, | No. CV-07-1085-PHX-FJM (LOA) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| D. Elliot, et. al, | |
| Respondents. | |

This matter arises on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (docket # 5) Respondents have filed an Answer (docket # 13) to which Petitioner has not replied and the deadline has expired. (see, docket # 4) Respondents assert that the Petition should be dismissed as untimely or, alternatively, as procedurally barred.

**I. Background**

   **A. Charges, Plea, and Sentencing**

On February 6, 2004, the State of Arizona charged Petitioner by information in the Superior Court of Arizona, Maricopa County, with two counts of aggravating driving or actual physical control while under the influence of intoxicating liquor or drugs on or about August 22, 2003. (Respondents' Exh. A) The direct complaint had been filed on October 23, 2003. (Respondents' Exh. B)

On February 6, 2004, Petitioner waived the preliminary hearing and entered into a plea agreement pursuant to which he pleaded guilty to one count of aggravated driving under

1 the influence of intoxicating liquor or drugs.  (Respondents' Exh. C)  The trial court[1] advised
2 Petitioner of his constitutional rights, the possible penalties, and the terms of his plea
3 agreement.  (Respondents' Exh. C)  The court accepted Petitioner's guilty plea and
4 scheduled sentencing for March 8, 2004.  (*Id.*)

5        On March 8, 2004, the court[2] entered judgment and sentenced Petitioner to six years'
6 imprisonment.  (Respondents' Exh. D)  At the time of sentencing, the court advised
7 Petitioner in writing of his right to seek post-conviction relief pursuant to Ariz.R.Crim.P. 32
8 within 90 days of entry of judgment and sentence.  (Respondents' Exh. E)

9    **B.  Rule 32 "of-right" Proceeding**

10        By pleading guilty, Petitioner waived his right to a direct appeal under Arizona law.
11 Therefore, his only avenue of direct review was an "of-right proceeding" under Arizona
12 Rule of Criminal Procedure 32.  Ariz.R.Crim.P. 32.1, 32.4.  Pursuant to Ariz.Crim.P. 32,
13 Petitioner's notice of post-conviction relief was due within 90 days of entry of judgment and
14 sentence, or on or before June 7, 2004.  On September 3, 2004[3], Petitioner filed an untimely

---

[1] The Honorable Chris E. Wotruba presided.

[2] The Honorable Edward Ballinger, Jr. presided over judgment and sentencing and subsequent post-conviction proceedings.

[3] The record contains conflicting information regarding the filing date of Petitioner's Rule 32 of-right petition.  The notice is file stamped September 13, 2004.  (Respondents' Exh. F)  The notice, however, is dated either "8-3-2004" or "9-3-2004."  (Respondents' Exh. F at 4)  Because the number 9 is more prominent than the number 8, it appears that Petitioner initially wrote "8" and subsequently changed it to "9."  (*Id.*)  The September 14, 2004 minute entry dismissing the petition states that Petitioner "filed on July 30, 2004, an untimely Petition for Post-Conviction Relief."  (Respondents' Exh. G)  Finally, in a minute entry denying Petitioner's second petition for post-conviction relief, the trial court refers to the first notice of post-conviction relief "filed on September 13, 2004."  (Respondents' Exh. I)

     Even assuming Petitioner filed the notice of post-conviction relief on July 30, 2004, the earliest possible filing date, it was untimely filed.  However, it appears that the date "July 30, 2004" in the September 14, 2004 minute entry is a typographical error because nothing in the record supports such a filing date.  Rather, the record supports a finding that Petitioner signed

1  notice of post-conviction relief claiming that *Blakely v. Washington*, 542 U.S. 296 (2004) is
2  a significant change in the law that applied to his case, and therefore, the court should
3  consider his untimely petition. (Respondents' Exh. F)
4        On September 14, 2004, the trial court dismissed the petition for post-conviction
5  relief as untimely.  (Respondents' Exh. G) The court noted that Petitioner's conviction
6  became final when the time for filing the Rule 32 of-right petition passed on June 7, 2004.
7  The court held that *Blakely v. Washington*, 542 U.S. 296 (2004), which was decided on June
8  24, 2004, did not constitute a significant change in the law retroactively applicable to
9  Petitioner's case which would allow him to file an untimely petition pursuant to
10 Ariz.R.Crim.P. 32.1(g).  (Respondents' Exh. G) Petitioner did not seek appellate review.

**C. Second Petition for Post-Conviction Relief**

12       On June 2, 2005[4], Petitioner filed a second notice of post-conviction relief.
13 (Respondents' Exh. H) On July 11, 2005, the trial court dismissed the notice as untimely
14 again finding that *Blakely* did not apply retroactively to Petitioner's case which was final
15 before *Blakely* was decided.  (Respondents' Exh. I)

**D. Petition for Writ of Habeas Corpus**

---

his first notice of post-conviction relief on September 3, 2004.  The prominent appearance of the "9" and the file stamped date of September 13, 2004, which is close in time to a signature date of 9-3-2004, support such finding.  The Court, therefore, will use the signature date of September 3, 2004 as the date on which Petitioner filed his first notice of post-conviction relief in accordance with the mailbox rule. *Houston v. Lack*, 487 U.S. 266, 270-74 (1988)(the mailbox rule provides that in certain cases, the filing date of *pro se* pleadings should be the date on which the prisoner signed and delivered a pleading to prison authorities for mailing, not the subsequent date on which the court accepts the pleading for filing).

[4] Petitioner's second notice of post-conviction relief was signed and dated June 2, 2005 and file stamped June 8, 2005.  (Respondents' Exh. H) In an abundance of caution, the Court will apply the mailbox rule and deem the second notice of post-conviction relief filed June 2, 2005. *Houston*, 487 U.S. at 270-74(the mailbox rule provides that in certain cases, the filing date of *pro se* pleadings should be the date on which the prisoner signed and delivered a pleading to prison authorities for mailing, not the subsequent date on which the court accepts the pleading for filing).

- 3 -

1 Thereafter, on September 19, 2005, Petitioner filed a Petition for Writ of Habeas
2 Corpus in case number CV-05-2865-PHX-FJM (LOA). On June 5, 2006, the Court
3 dismissed that petition without prejudice for failure to pay the filing fee. (docket # 4,
4 2:05cv2865-FJM (LOA))

5 On May 29, 2007, Petitioner filed a second petition in the instant case, CV-07-1085-
6 PHX-FJM (LOA), along with a Motion to Resubmit asking permission to file a second
7 petition for writ of habeas corpus because his first petition was dismissed without prejudice.
8 (docket # 3) On July 6, 2007, the Court accepted the second petition and ordered the Clerk
9 of Court to file it. (dockets ## 4, 5) The Court specifically advised Petitioner that "the
10 Petition is being filed in a new action; this action is not a continuation of the previous
11 action." (docket # 4) Because the pending petition was filed after dismissal of the first
12 petition without prejudice, it does not relate back to the first petition. *Rasberry v. Garcia*,
13 448 F.3d 1150, 1155 (9th Cir. 2006)(holding that relation back is unavailable where a
14 previous petition was dismissed because there is nothing to which the new petition could
15 relate back.) Accordingly, the pending petition was filed on May 29, 2007.[5]

16 Respondents assert that the Petition should be dismissed as untimely. Petitioner has
17 not filed a reply and the deadline has expired.

18 **II. Statute of Limitations**

19 On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA")
20 went into effect establishing a one-year statute of limitations for a state prisoner to file a
21 petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). Because
22 Petitioner filed his Petition after the effective date of the AEDPA, it governs this action.

23 Title 28 U.S.C. § 2244 provides, in pertinent part, that:

---

[5] Even if the instant petition were deemed filed on September 19, 2005, the filing date of the first petition, it would be untimely under the AEDPA. Thus, Respondents' analysis of the AEDPA's limitations period is valid despite their assumption that the instant petition was filed on September 19, 2005.

- 4 -

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
The limitation period shall run from the latest of-

(A) the date on which the judgment became *final by conclusion of direct review* or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A)(emphasis added).

### A. "Final by Conclusion of Direct Review"

To assess the timeliness of Petitioner's Petition for Writ of Habeas Corpus, the Court must first determine the date on which Petitioner's conviction became "final by conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). In making this determination, it is significant that by pleading guilty, Petitioner waived his right to a direct appeal under Arizona law. A.R.S. § 13-4033(B); Ariz.R.Crim.P. 17.1(e). Petitioner, however, retained the right to seek review in an "of-right" proceeding pursuant to Ariz.R.Crim.P. 32. Ariz.R.Crim.P. 32.1, 32.4.

The Ninth Circuit recently addressed, as a matter of first impression, the question of when the conviction of a pleading defendant in Arizona becomes "final by the conclusion of direct review" for purposes of 28 U.S.C. § 2244(d)(1). *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007). The Ninth Circuit held that an "'of-right proceeding,' available under Arizona Rule of Criminal Procedure 32 to criminal defendants who plead guilty, is a form of 'direct review' within the meaning of 28 U.S.C. § 2244(d)(1)." *Id.* at 711. The *Summers* court explained that "[b]ecause a Rule 32 of-right proceeding is a form of direct review, AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review." *Id.*

Under *Summers*, because Petitioner pleaded guilty, his conviction became final upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review." *Summers*, 418 F.3d at 711. Here, Petitioner pleaded guilty and was sentenced on March 8, 2004. (Respondents'

- 5 -

Exh. D) By virtue of his plea, the only avenue of "direct" review was a Rule 32 of-right proceeding. Under Ariz.R.Crim.P. 32, Petitioner had ninety days from the entry of judgment and sentence within which to file a notice of review under Rule 32. Ariz.R.Crim.P. 32.1, 32.4(a)(stating that "[i]n a Rule 32 of-right proceeding the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding.") The court entered judgment and sentenced Petitioner on March 8, 2004. (Respondents' Exh. D) Petitioner did not file a notice of Rule-32 review within 90 days from the entry of judgment and sentence. (Respondents' Exhs. F, G) Thus, Petitioner's conviction became final ninety days after entry of judgment and sentence, or on June 7, 2004, upon the expiration of the time for seeking direct review in Rule 32 of-right proceedings. *Summers*, 418 F.3d at 711.

Thereafter, Petitioner had 365 days from June 7, 2004, or until June 8, 2005, to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d). Petitioner did not file his petition for writ of habeas corpus until May 29, 2007. Thus, the pending Petition is untimely absent tolling.

### B. Tolling the Limitations Period

### 1. Statutory Tolling

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999)(stating that an application for collateral review is pending in State court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings.") This time period includes the intervals between the disposition of an appeal or post-conviction petition and the filing of an appeal or successive petition at the next state appellate level. *Nino*, 183 F.3d at 1006. However, the ADEPA limitations period is "not

1 tolled from the time a final decision issued on a state direct appeal and the time the first state
2 collateral challenge is filed because there is no case pending during that interval." *Nino*, 183
3 F.3d at 1006. *See also*, *Curtiss v. Mt. Pleasant Correctional Facility*, 338 F.3d 851, 854 (8th
4 Cir. 2003)(no tolling during the time between the completion of direct review and the
5 initiation of post-conviction proceedings).

6 As previously stated, the AEDPA limitations period commenced on June 7, 2004. On
7 September 3, 2004, Petitioner filed an untimely notice of post-conviction relief. The state
8 court found that the *Blakely*[6] claim raised in Petitioner's notice of post-conviction relief did
9 not fit within any of the categories that can be raised in an untimely petition. (Respondents'
10 Exh. G); Ariz.R.Crim.P. 32.4 (providing that any notice not timely filed may only raise
11 claims pursuant to Ariz.R.Crim.P. 32.1(d)-(h)).[7] If a claim does not fit within one of the
12 exceptions in Rule 32 and is filed beyond the statute of limitations, the petition is subject to
13 summary dismissal. *State v. Rosario*, 195 Ariz. 264, 266, 987 P.2d 226, 228 (Ariz. Ct. App.
14 1999). Here, the court held that *Blakely* did not constitute a significant change in the law
15 retroactively applicable to Petitioner's case. (Respondents' Exh. G). Thus, Ariz.R.Crim.P.
16 32.1(g) did not excuse Petitioner's untimely filing. Accordingly, the trial court summarily
17 dismissed Petitioner's untimely petition. (Respondents' Exh. G) The United States
18 Supreme Court has held that "when a petition is untimely under state law, 'that [is] the end
19 of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414-17
20 (2005)(holding that "time limits, no matter their form, are 'filing' conditions. Because the
21 state court rejected petitioner's [petition for post-conviction relief] as untimely, it was not

---

[6] *Blakely v.Washington*, 542 U.S. 296 (2004).

[7] Ariz.R.Crim.P. 32.1 provides that untimely claims for post-conviction relief are limited to claims of being held in custody beyond the expiration of sentence, newly discovered material facts, requests for delayed appeal, significant change in the law retroactively applicable that would probably overturn conviction or sentence, and actual innocence. Ariz.R.Crim.P. 32.1(d)-(h).

- 7 -

1 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).") Because
2 Petitioner's first notice of post-conviction relief was not properly filed, it did not toll the
3 limitations period. *Id.*

4 Similarly, because the state court rejected Petitioner's second notice of post-
5 conviction relief as untimely, it was not properly filed, and he is not entitled to statutory
6 tolling under § 2244(d)(2). (Respondents' Exhs. H, I); *Pace*, 544 U.S. at 414-17.

7 Because statutory tolling was unavailable, the AEDPA limitations period expired on
8 June 8, 2005.  Petitioner did not file his pending § 2254 petition until May 29, 2007, nearly
9 two years after the AEDPA limitations period expired.  Accordingly, the pending Petition is
10 untimely absent equitable tolling.

11 **2.  Equitable Tolling**

12 Respondents argue that in view of the Supreme Court's recent decision in *Bowles v.*
13 *Russell*, ___ U.S. ___ , 127 S.Ct. 2360 (2007), the AEDPA is not subject to equitable tolling.
14 In *Bowles*, Supreme Court held that the timely filing of an appeal in a civil case is a
15 jurisdictional requirement.  *Id.* at 2366.  The *Bowles* Court reasoned that because federal
16 statutes set forth time limits on filing a notice of appeal and reopening the appeal period,
17 Congress intended to preclude a court from exercising jurisdiction over otherwise legitimate
18 cases after a ceratin period of time had elapsed after final judgment.  *Id.*

19 Similar to the federal statutes at issue in *Bowles*, the AEDPA establishes time limits
20 on when a petitioner may file a petition for writ of habeas corpus.  28 U.S.C.§ 2244(d)(1).
21 On two occasions, the Supreme Court has denied certiorari on the issue of whether these
22 limits are jurisdictional.  *See David v. Hall*, 540 U.S. 815 (2003); *Flanders v. Graves*, 537
23 U.S. 1236 (2003).  The Supreme Court has noted that it has never squarely addressed
24 whether equitable tolling applies to the AEDPA's statute of limitations.  *Lawrence* v.
25 *Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007).  Accordingly, whether the AEDPA is
26 subject to equitable tolling is an open question.  This Court, however, need not resolve the

27
28

- 8 -

issue because even assuming equitable tolling remains viable after *Bowles*, as Respondents alternatively argue, Petitioner does not satisfy the requirements for such tolling.

The Ninth Circuit has held that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled, in part, on other grounds by*, *Calderon v. United States Dist. Ct. (Kelly)* 163 F.3d 530, 540 (9th Cir. 1998). Tolling is appropriate when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.*; *see also*, *Miranda v. Castro*, 292 F.3d 1063, 1067 (9th Cir. 2002)(stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.")(citations omitted); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The extraordinary circumstances requirement is a "high hurdle," *see Calderon (Beeler)*, 128 F.3d at 1289, and policy considerations counsel against equitable tolling. *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir 2007).

The record does not support a finding that Petitioner diligently pursued his rights where his two state petitions for post-conviction relief were untimely filed and both his first and second habeas petitions were likewise untimely filed. Additionally, he has not described any reason, let alone any "extraordinary circumstance," which prevented him from filing a timely petition. *Pace*, 544 U.S. at 418. Petitioner's status as a prison inmate does not constitute an extraordinary circumstance beyond his control warranting the tolling of the

- 9 -

one-year limitations period. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). The ordinary difficulties inherent in prison life do not constitute extraordinary circumstances sufficient to toll the AEDPA limitations period. *Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005)(stating that "[e]ach of the cases in which equitable tolling has been applied have involved wrongful conduct, either by state officials or occasionally, by the petitioner's counsel."). Likewise, Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986)(finding that a *pro se* prisoner's illiteracy was not sufficient to satisfy the standard of an objective, external factor amounting to "cause" for purposes of avoiding the procedural bar on his habeas claim).

Petitioner has failed to demonstrate that he diligently pursued his rights and that an "extraordinary circumstance" prevented him from filing a timely petition. *Pace,* 544 U.S. at 418. Accordingly, there is no basis for equitably tolling the AEDPA statute of limitations and the Petition should be dismissed as untimely.

**III. Exhaustion and Procedural Bar**

In the alternative, Respondents argue that habeas review is barred because Petitioner's claims are procedurally defaulted. Before a federal court may grant habeas corpus relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The federal court will not entertain a petition for writ of habeas corpus unless each and every issue has been exhausted. *Pliler v. Ford*, 542 U.S. 225, 230 (2004); *Rose v. Lundy*, 455 U.S. 509, 521-22 (1982). A petitioner has the burden of alleging exhaustion. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied*, 455 U.S. 1023 (1983). To properly exhaust state remedies, the prisoner must have afforded the state courts the opportunity to rule upon the merits of his federal constitutional claims by "fairly presenting" them to the state courts in a procedurally

appropriate manner. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (stating that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' her claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim."). A petitioner must describe both the operative facts and the federal legal theory so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing on his constitutional claim. *Id.* In cases not carrying the death penalty, claims are exhausted once the Arizona Court of Appeals has ruled on them. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).

Where a prisoner fails to "fairly present" a claim to the state courts in a procedurally appropriate manner, his claims are procedurally defaulted. *Ylst v. Nunnemaker*, 501 U.S. 797, 802-05 (1991); *Coleman*, 501 U.S. at 731-32. There are two types of procedural default.

First, a state court may have applied a procedural bar when the prisoner attempted to raise the claim in state court. *Nunnemaker*, 501 U.S. at 802-05. For example, a habeas petitioner may be barred from raising federal claims that he failed to preserve in state court by making contemporaneous objections at trial or by raising the claim on direct appeal or post-conviction review. *Bonin v. Calderon*, 59 F.3d 815, 841-42 (9th Cir. 1995)(stating that failure to raise contemporaneous objection at trial to an alleged violation of federal rights constitutes a procedural default of that issue); *Thomas v. Lewis*, 945 F.2d 1119, 1121 (9th Cir. 1991)(finding procedural default where the Arizona Court of Appeals held that petitioner had waived his claims by failing to raise them on direct appeal or in his first petition for post-conviction review.) If the state court found a procedural bar but also addressed the merits of the underlying federal claim, the "alternative" ruling does not vitiate the independent state procedural bar. *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989); *Carringer v. Lewis*, 971 F.2d 329, 333 (9th Cir. 1992) (state supreme court found ineffective assistance of counsel claims "barred under state law," but also discussed and rejected the claims on the merits, *en banc* court held that the "on-the-merits" discussion was an

- 11 -

"alternative ruling" and the claims were procedurally defaulted and barred from federal review.). A higher court's subsequent summary denial of review affirms the lower court's application of a procedural bar. *Nunnemaker*, 501 U.S. at 803. In order to "constitute adequate and independent grounds sufficient to support a finding of procedural default, a state rule must be clear, consistently applied, and well-established at the time of the petitioner's default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994).

In the second procedural default scenario, the state prisoner may not have presented the claim to the state courts, but pursuant to the state courts' procedural rules, a return to state court would be "futile." *Teague v. Lane*, 489 U.S. 288, 297-99 (1989). Generally, any claim not previously presented to the Arizona courts is procedurally barred from federal review because any attempt to return to state court to properly exhaust a current habeas claim would be "futile." Ariz. R. Crim. P. 32.1, 32.2(a) & (b); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *State v. Mata*, 185 Ariz. 319, 322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3) (relief is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a); Ariz. R. Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's decision). A state post-conviction action is futile where it is time barred. *Beaty*, 303 F.3d at 987; *Moreno v. Gonzalez,* 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)).

In either case of procedural default, federal review of the claim is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To establish cause, a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Id.* The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective

assistance of counsel. *Id.* To establish prejudice, a prisoner must demonstrate that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982). Where petitioner fails to establish cause, the court need not reach the prejudice prong.

To establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).

### *Application of Law to Petitioner's Claims*

Both procedural default scenarios described above are present in this case. First, the state court applied a procedural bar when Petitioner attempted to raise his claims in his first and second post-conviction proceedings. Specifically, Petitioner twice attempted to present several claims to the Superior Court on post-conviction review pursuant to Ariz.R.Crim.P. 32, and the Superior Court twice ruled that Petitioner's notices of post-conviction relief were untimely filed under Ariz.R.Crim.P. 32, and dismissed the proceedings on those grounds. (Respondents' Exh. G, I)  The state court's reliance on a procedural bar operates as an independent and adequate ground in support of that decision. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).

Arizona courts have consistently applied their procedural default rules. *Stewart v. Smith*, 536 U.S. 856, 860 (2002)(holding that Arizona Rule of Criminal Procedure 32.2(a) is an adequate and independent procedural bar); *Ortiz v. Stewart*, 149 F.3d 923, 931-32 (9th Cir. 1998)(rejecting the argument that Arizona courts have not "strictly or regularly followed" Rule 32); *Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir. 1992)(rejecting the assertion that Arizona courts' application of procedural default rules had been "unpredictable and irregular.").

Additionally, Petitioner never raised any of the claims in this pending petition to the Arizona Court of Appeals. Petitioner's claims are procedurally barred because at this late date he cannot return to the state courts to present his claims. Generally, any claim not previously presented to the Arizona courts is procedurally barred from federal review because any attempt to return to state court to properly exhaust a current habeas claim would be "futile." Ariz. R. Crim. P. 32.1, 32.2(a) & (b); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *State v. Mata*, 185 Ariz. 319, 322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3) (relief is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a); Ariz. R. Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's decision). A state post-conviction action is futile where it is time barred. *Beaty*, 303 F.3d at 987; *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)). Rule 32.4 of the Arizona Rules of Criminal Procedure provides that in non-capital cases, "the notice [of post-conviction relief] must be filed within ninety days after entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is later. . . ." Ariz.R.Crim.P. 32.4. In this case, judgment and sentence were entered on March 8, 2004. Thus, Petitioner cannot now file a timely notice of post-conviction relief. As the State court correctly held, Petitioner cannot rely on *Blakely* to excuse his untimely filing because *Blakely* was decided after Petitioner's conviction became final and, therefore, does not apply retroactively to his case. *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005). Further, Petitioner is barred by Arizona's statutory time limits for seeking appellate review of the trial court's denial of post-conviction review. See Ariz.R.Crim.P. 32.4; 32.9(c)(requiring a petition for review to be filed within 30 days of the final decision of the trial court on a petition for post-conviction relief.)

1  Because Petitioner did not properly present any of his claims to the Arizona courts, they claims are procedurally defaulted and barred from federal review. Accordingly, the Court need not reach the merits of Petitioner's claims unless he can either show cause and prejudice or a fundamental miscarriage of justice.

Proof of cause "ordinarily turn[s] on whether the prisoner can show that some objective factor external to the defense impeded" his compliance with the state rule. *Id.* at 72. In this case, Petitioner does not assert any basis to overcome the procedural bar. Petitioner's *pro se* status and ignorance of the law do not satisfy the cause standard. *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 908 (9th Cir. 1986). Where petitioner fails to establish cause for his procedural default, the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533 (1986). Therefore, Petitioner has failed to carry his burden of proof regarding cause and prejudice.

Petitioner also fails to establish that failure to consider his claims would result in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Accordingly, Petitioner's claims are procedurally defaulted and barred from review.

**IV. Conclusion**

In summary, because the Petition is untimely and, alternatively, because federal habeas review of Petitioner's claims is procedurally barred, the Petition should be denied.

Accordingly,

IT IS HEREBY RECOMMENDED that Petitioner's Petition for Writ of Habeas Corpus by Person in State Custody pursuant to 28 U.S.C. § 2254 (docket # 5) be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules

72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 4th day of February, 2008.

/s/ Lawrence O. Anderson
Lawrence O. Anderson
United States Magistrate Judge